J-S45029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
IAN STEWART :
:
Appellant : No. 628 MDA 2025

Appeal from the PCRA Order Entered January 15, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004311-2020

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED: FEBRUARY 10, 2026**

Ian Stewart (Appellant) appeals, *pro se*, from the order dismissing his

first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA),

42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On September 11, 2020, the Pennsylvania Department of Probation and

Parole (the Department) conducted a search of Appellant's residence while he

was on parole in an unrelated case.[1] The search revealed "over 50 grams of

cocaine, packaged in both a Ziploc bag and in small individual plastic

containers…." **Commonwealth v. Stewart**, 301 A.3d 875, 1520 MDA 2022

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Pertinently, the search was prompted in part by a tip, provided by Appellant's
father, that Appellant was in possession of a white powdered substance, blue
pills, and cash.

(Pa. Super. 2023) (unpublished memorandum at 1). Additionally, parole agents discovered "other items, including empty small plastic containers, a digital scale with white powdery residue on it, and over $2,000 in cash." **Id.** (unpublished memorandum at 1-2). The Commonwealth charged Appellant with possession with intent to deliver a controlled substance (PWID) and possession of drug paraphernalia.[2]

Appellant filed a pre-trial motion to suppress evidence seized during the search, arguing the parole agents lacked reasonable suspicion to justify the search. After a hearing, the suppression court denied Appellant's motion.

Following a two-day jury trial in May 2022, Appellant was convicted of the above-described offenses. On August 5, 2022, the trial court sentenced Appellant to 6 to 12 years in prison and directed Appellant to pay the costs of prosecution. Appellant filed a timely post-sentence motion, which the trial court denied.

This Court affirmed Appellant's judgment of sentence on June 6, 2023. **See id.** (unpublished memorandum). Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

On September 8, 2023, Appellant, *pro se*, filed the instant timely PCRA petition, his first. Therein, Appellant appeared to challenge the sufficiency of the evidence supporting his conviction, and his trial counsel's effectiveness in

_____

[2] 35 P.S. § 780-113(a)(30), (32).

- 2 -

litigating his motion to suppress evidence.[3]  The PCRA court appointed Patricia K. Spotts, Esquire (Attorney Spotts), as Appellant's PCRA counsel.[4]  On August 5, 2024, in lieu of filing an amended PCRA petition, Attorney Spotts filed a motion to withdraw as counsel and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The PCRA court conducted an evidentiary hearing on Appellant's PCRA petition, during which Appellant was represented by Attorney Spotts.  The PCRA court heard testimony from the assistant district attorney who prosecuted the case, Appellant's trial and direct appeal counsel, and Appellant.  On December 3, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, and granted Attorney Spotts's motion to withdraw from representation.  Appellant filed a *pro se* response to the Rule 907 notice.  On January 15, 2025, the PCRA court entered an order dismissing Appellant's PCRA petition.

_____

[3] We note that Appellant's *pro se* PCRA petition is handwritten, and the content is at times difficult to discern.

[4] Appellant continued to file a multitude of *pro se* motions and "amendments" to his PCRA petition.

J-S45029-25

Appellant filed a *pro se* notice of appeal on May 12, 2025. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[5]

Preliminarily, we must consider the timeliness of the instant appeal, as an appellant's failure to file a timely appeal "divests the appellate court of its jurisdiction to hear the appeal." ***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014). A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Thus, Appellant's *pro se* notice of appeal, which he filed nearly four months after the PCRA court's dismissal order, is facially untimely.

---

[5] In its Pa.R.A.P. 1925(a) opinion, the PCRA court suggests Appellant's claims are waived based on his failure to file a timely Rule 1925(b) concise statement. Our review of the record reveals the trial court issued an order on May 13, 2025, directing Appellant to file a concise statement on or before June 2, 2025. On May 16, 2025, Appellant filed a *pro se* "Brief of Appellant" in the PCRA court. The content of the filing included little more than allegations that the PCRA court erred by denying Appellant relief. Despite the title of this document, it appears Appellant's filing was an attempt to comply with the PCRA court's concise statement order, and it sufficiently identified the issues Appellant intended to raise on appeal. ***See generally Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (acknowledging that "this Court is willing to construe liberally materials filed by a *pro se* litigant"). Such an inference is further bolstered by the fact that the filing was listed on the docket as a "Concise Statement of Errors Complained on Appeal." ***See*** Trial Court Docket, 5/16/25. Under these circumstances, we decline to deem Appellant's issues waived based on his purported noncompliance with Rule 1925(b).

Moreover, we acknowledge that Appellant filed a *pro se* Motion to Compel Response in this Court on December 22, 2025. Therein, Appellant asks this Court to respond to his appellate brief, and to excuse the late filing of his concise statement. As we have addressed the timeliness of his Rule 1925(b) concise statement, no further relief is due; Appellant's Motion to Compel Response is denied.

- 4 -

However, we note Appellant's *pro se* correspondence, filed on April 22, 2025, in which Appellant asserted he had not received the order dismissing his PCRA petition, and requested an extension of time to file a notice of appeal. Pennsylvania Rule of Criminal Procedure 114(B)(1) requires the clerk of courts to serve promptly a copy of any trial court order "on each party's attorney, **or the party if unrepresented**." Pa.R.Crim.P. 114(B)(1) (emphasis added); *see also id.* 114(C)(2)(c) (providing that docket entries must include, *inter alia*, the date of service of the court order). Our review of the docket confirms that the clerk of courts did not serve Appellant with a copy of the order. Rather, the docket entry reflects the clerk of courts served Attorney Spotts with a copy of the dismissal order, despite Attorney Spotts's previous withdrawal from representation. Because Appellant was unrepresented and was not properly served with a copy of the PCRA court's dismissal order, we conclude Appellant's failure to file a timely notice of appeal was due to a breakdown in the court system. We therefore deem Appellant's *pro se* notice of appeal timely filed and proceed to the merits of his appeal. ***See Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa. Super. 2019) (explaining that this Court may excuse an appellant's failure to file a timely notice of appeal if the failure was a result of a breakdown in the court system).

Appellant's *pro se* brief does not include a statement of questions involved, as required by Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested

thereby."). However, the argument section of Appellant's brief is divided into three sub-sections, which clearly identify the claims he wishes to raise on appeal. We address Appellant's arguments accordingly. ***See generally Tchirkow***, 160 A.3d at 804.

We begin by noting our standard of review:

Our standard of review from the [dismissal] of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Miranda***, 317 A.3d 1070, 1075 (Pa. Super. 2014) (citation and brackets omitted).

In his first issue, Appellant argues his trial counsel rendered ineffective assistance by failing to cross-examine, during his suppression hearing, State Parole Agent Sara McMullen (PO McMullen) concerning the tip she received from Appellant's father. Appellant's Brief at 11. Appellant claims that trial counsel should have asked PO McMullen whether the tip was provided by someone who was able to identify the substance as cocaine. ***Id.*** at 12.

We presume counsel is effective, and the PCRA petitioner bears the burden of proving otherwise. ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018).

To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or er act or omission; and (3) the petitioner suffered prejudice as a result of

- 6 -

counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. A petitioner's failure to satisfy any prong of this test is fatal to the claim.

***Id.*** (internal citations and quotation marks omitted).

Here, Appellant fails to support his argument with citation to and discussion of any relevant legal authority. ***See*** Pa.R.A.P. 2119(a) (providing that an appellant's argument shall be include "such discussion and citation of authorities as are deemed pertinent"); ***see also Commonwealth v. Armolt***, 294 A.3d 364, 379 (Pa. 2023) ("[M]ere issue spotting without sufficient analysis or legal support precludes appellate review."). Appellant further fails to develop his argument with reference to the standard for addressing an ineffective assistance claim. Our Supreme Court has explained that "an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [an a]ppellant's burden of establishing that he is entitled to any relief." ***Commonwealth v. Bracey***, 795 A.2d 935, 940 n.4 (Pa. 2001). Appellant's failure to adequately develop his argument, and to address each prong of the ineffectiveness test, is fatal to his first claim. ***See id.***; ***see also Commonwealth v. Williams***, 899 A.2d 1060, 1063 (Pa. 2006) ("Failure to address any prong of the test will defeat an ineffectiveness claim.").

In his second issue, Appellant asserts the evidence presented at trial was insufficient to support his PWID conviction. ***See*** Appellant's Brief at 15-20.

Challenges to the sufficiency of the evidence are not cognizable under the PCRA. *See Commonwealth v. Price*, 876 A.2d 988, 995 (Pa. Super. 2005); *see also* 42 Pa.C.S.A. § 9543(a)(2) (detailing the categories of claims that are cognizable under the PCRA). Moreover, our review discloses that Appellant fully litigated his sufficiency challenge on direct appeal, and he did not seek further review in our Supreme Court. *See Stewart*, 1520 MDA 2022 (unpublished memorandum). PCRA petitioners are not entitled to review of claims that have been previously litigated. *See* 42 Pa.C.S.A. § 9543(a)(3) (providing that, to be eligible for PCRA relief, the allegation of error must not have been previously litigated); *see also id.* § 9544(a)(2) (stating that "an issue has been previously litigated if … the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue"). As Appellant's sufficiency challenge is not eligible for review, this issue merits no relief.

In his third and final claim, Appellant contends the Department lacked reasonable suspicion to conduct a warrantless search of his residence. *See* Appellant's Brief at 20-24.

This claim is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2). Further, Appellant litigated this claim in connection with his suppression motion, but failed to raise it on direct appeal. Because Appellant could have challenged the validity of the search on direct appeal but failed to do so, his final claim is waived and not cognizable on this basis as well. *See*

*id.* § 9543(a)(3) and § 9544(b) (stating "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").[6]

Based upon the foregoing, the PCRA court did not err in dismissing Appellant's first PCRA petition.

Motion to Compel denied. Motion to Show Cause denied. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/10/2026

---

[6] On December 22, 2025, Appellant additionally filed in this Court a Motion to Show Cause. Therein, Appellant restated his arguments that there was insufficient evidence to support his PWID conviction, and that the Department lacked reasonable suspicion to conduct a search of his residence. As we have addressed Appellant's claims in this memorandum, we deny his Motion to Show Cause.